899 So.2d 53 (2005)
SOUTHERN TOOL & SUPPLY, INC.
v.
BEERMAN PRECISION INC., Industrial Welding Supply Co. and Black and Decker.
No. 2004-CA-1791.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 2005.
*54 Lynn H. Frank, Best Koeppel, APLC, New Orleans, LA, and Joseph R. Ward, Jr., Ward & Condrey, L.L.C., Covington, LA, for Plaintiff/Appellee (Southern Tool & Supply).
Harry Rosenberg, Christopher K. Ralston, Phelps Dunbar, L.L.P., New Orleans, LA, for Defendant/Appellant (Black & Decker (U.S.) Inc.).
Don M. Richard, Metairie, LA, for Defendant/Appellant (Industrial Welding Supply, Co.).
Henry W. Kinney, Kinney & Ellinghausen, New Orleans, LA, and Lawrence M. Lehmann, Lehmann, Norman & Marcus LLC, New Orleans, LA, for Defendant/Appellant (Beerman Precision, Inc.).
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge DENNIS R. BAGNERIS SR., Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
MICHAEL E. KIRBY, Judge.
In this state antitrust action, defendants, Black & Decker (U.S.) Inc., Beerman Precision, Inc. and Industrial Welding Supply Co.[1], appeal the trial court judgment overruling their declinatory exceptions of lack of subject matter jurisdiction. La. R.S. 51:135 authorizes a direct appeal from this interlocutory ruling, and La. R.S. 51:134 mandates that this appeal be given expedited consideration.
For purposes of this appeal, the pertinent facts[2] are as follows: Plaintiff, Southern Tool & Supply, Inc., filed a petition alleging, among other things, violations by defendants of Louisiana's antitrust laws, La. R.S. 51:121 et seq. Plaintiff and defendants, Beerman Precision and Industrial Welding Supply are Louisiana corporations. Black & Decker does business in Louisiana, but is based in Maryland. The petition alleges that the defendants engaged in a conspiracy aimed at depriving plaintiff of the ability to distribute Black & Decker's DeWalt line of tools and products. Plaintiff claims that the defendants' agreement or oral contract to not allow *55 plaintiff to distribute DeWalt tools and products was an unreasonable restraint of trade prohibited by La. R.S. 51:122, which states, in pertinent part, "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in this state is illegal."
Defendants filed earlier exceptions of lack of subject matter jurisdiction, which were granted by the trial court on July 11, 2001. Plaintiff appealed, and this Court reversed the trial court judgment granting the exceptions of lack of subject matter jurisdiction, and remanded the case to the trial court for further proceedings. Southern Tool & Supply, Inc. v. Beerman Precision Inc., XXXX-XXXX (La.App. 4 Cir. 5/1/02), 818 So.2d 256. In that appeal, plaintiff's sole argument was that the trial court incorrectly found that, under the Louisiana antitrust statute, the Louisiana courts lack subject matter jurisdiction over a conspiracy between a Maryland corporation (Black & Decker), and two Louisiana corporations (Beerman Precision and Industrial Welding Supply) to restrain trade in Louisiana. Plaintiff argued that even if one or more of the defendants is engaged in interstate commerce, and even if interstate phone calls were involved in the conspiracy, the state courts have subject matter jurisdiction because the anti-competitive effect occurred within the state of Louisiana. Conversely, the defendants contended that any antitrust claims that plaintiff wishes to assert against defendants must be brought in federal court, because the petition alleges that defendant Black & Decker is engaged in interstate commerce, and that the alleged conspiracy to restrain trade involved interstate phone calls, travel, and meetings.
This Court noted that although neither the Louisiana Supreme Court nor this Court have explicitly held that Louisiana's antitrust statutes may apply to matters involving both intrastate and interstate commerce, both courts have upheld application of Louisiana's antitrust laws in cases where the anticompetitive effects occurred in Louisiana. Southern Tool & Supply, Inc. v. Beerman Precision Inc., XXXX-XXXX (La.App. 4 Cir. 5/1/02), 818 So.2d 256. In finding that the trial court erred in granting defendants' exceptions of lack of subject matter jurisdiction, this Court held that the Louisiana antitrust statute's application to matters of intrastate commerce does not necessarily mean that all acts in violation of the statute must occur within this state. Id. Citing the United States Supreme Court decision in A.L.A. Schechter Poultry Corporation v. U.S., 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935), this Court concluded that a state court is not precluded from exercising jurisdiction to enforce its own antitrust law, unless there is a direct or substantial impact on interstate commerce law. Id. It is undisputed that the alleged facts of this case include both interstate and intrastate components. This Court found that while the alleged facts may cause an indirect effect upon interstate commerce, they do not require application of the federal antitrust statutes. Id.
At the time the defendants' first exceptions of lack of subject matter jurisdiction were heard, La. R.S. 51:121 stated, "Commerce means trade or commerce within this state." After this Court rendered its decision in Southern Tool & Supply, Inc. v. Beerman Precision Inc., XXXX-XXXX (La. App. 4 Cir. 5/1/02), 818 So.2d 256, the Louisiana Legislature amended La. R.S. 51:121. This 2003 amendment states, "Commerce means trade or commerce within the geographic boundaries of this state."
Following the enactment of this amended version of La. R.S. 51:121, defendants *56 again filed exceptions of lack of subject matter jurisdiction, arguing that the amendment clarifies the limited scope of Louisiana's antitrust laws and reinforces defendants' position that Louisiana's antitrust laws apply only to matters involving purely intrastate commerce. Plaintiff opposed the exceptions, arguing that the amended version of La. R.S. 51:121 supports its right to invoke Louisiana's antitrust laws because the alleged restraint of trade took place within the geographic boundaries of Louisiana.
The trial court overruled defendants' exceptions of lack of subject matter jurisdiction. The court did not issue written reasons for judgment, but in comments made from the bench, the court stated its finding that the change in wording to La. R.S. 51:121 did not change the meaning of that statute. The trial court noted that this Court in its previous opinion in Southern Tool & Supply, Inc. v. Beerman Precision Inc., XXXX-XXXX (La.App. 4 Cir. 5/1/02), 818 So.2d 256, found that under the pre-amendment version of La. 51:121, the state court has jurisdiction over plaintiff's claim even though it has some interstate commerce characteristics. Therefore, the trial court overruled the defendants' exceptions of lack of subject matter jurisdiction, having found that the amended version of La. R.S. 51:121 did not change the law. This appeal followed.
On appeal, defendants argue that the trial court incorrectly "ignored" the recent amendment to La. R.S. 51:121 when it overruled defendants' exceptions of lack of subject matter jurisdiction. Defendants' position is that the Legislature's inclusion of the term "geographic boundaries" leaves no doubt that the Louisiana antitrust laws are not applicable to matters involving interstate commerce.
Plaintiff argues that a comparison of the language in the pre-amendment and post-amendment versions of La. R.S. 51:121 shows that the change does not affect plaintiff's claims. Plaintiff claims that the lack of effect is even clearer when the language of La. R.S. 51:122 is added to the comparison. According to plaintiff, when read together, the amended version of La. R.S. 51:121 and La. R.S. 51:122, which states, in pertinent part, that "every contract, combination in the form of a trust or otherwise, or conspiracy in restraint of trade or commerce in this state is illegal," demonstrate that the focus of Louisiana law is not on the domicile of the alleged wrongdoers, but rather on anticompetitive results or effects within the geographic boundaries of this state. Plaintiff argues that if the Legislature had intended to exclude from state jurisdiction any case where an out-of-state actor was involved or where a product was shipped here from outside of the state, it would have said so in the amendment to La. R.S. 51:121.
We do not know what the Legislature intended to accomplish with its 2003 amendment of La. R.S. 51:121. A digest prepared by the House Legislative Services, which notes that the digest "constitutes no part of the legislative instrument," states that the proposed amendment "retains present law but clarifies that such trade must be conducted within the geographic boundaries of the state." The Legislature may have intended to clarify the meaning of La. R.S. 51:121, but it failed to do so with the language it chose.
The words of a law must be given their generally prevailing meaning. La. C.C. article 11. We agree with the trial court that the phrases "within this state" and "within the geographic boundaries of this state" have no difference in meaning. A panel of this Court previously found that under the pre-amendment version of La. R.S. 51:121, the state court has subject matter jurisdiction over plaintiff's claims *57 against defendants. Southern Tool & Supply, Inc. v. Beerman Precision Inc., XXXX-XXXX (La.App. 4 Cir. 5/1/02), 818 So.2d 256. Because the 2003 amendment to La. R.S. 51:121 does not clarify or change the meaning of that statute, we conclude that the trial court correctly overruled defendants' most recent exceptions of lack of subject matter jurisdiction.
For the reasons stated above, we affirm the trial court judgment.
AFFIRMED.
NOTES
[1] The judgment states that Black & Decker's exception of lack of subject matter jurisdiction is overruled, but is silent as to the exceptions filed by defendants, Beerman Precision and Industrial Welding Supply. The judgment notes that counsel for all three defendants were present at the hearing in this matter, and the trial court granted motions for appeal filed by all three defendants. On February 2, 2005, plaintiff and the three defendants jointly filed a "Motion to Have Judgment Recognized," asking that this Court recognize that the judgment rendered by the trial court should have named all three defendants. Their motion was granted by this Court on February 3, 2005.
[2] For a detailed statement of the facts and procedural history of this case, please refer to this Court's previous opinions in Southern Tool & Supply, Inc. v. Beerman Precision Inc., XXXX-XXXX (La.App. 4 Cir. 11/26/03), 862 So.2d 271 and XXXX-XXXX (La.App. 4 Cir. 5/1/02), 818 So.2d 256.